IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLAH G. BISHOP, | * |
| | * |
| Petitioner, | * |
| v. | * CRIMINAL NO. 12-00227-CG-B-1 |
| | * CIVIL ACTION NO. 14-00272-CG-B |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

### REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Allah G. Bishop's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. 62), and the Government's response in opposition thereto. (Doc. 67). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Because the record is adequate to dispose of this matter, no evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F. 3d 1317 (11th Cir. 2004). Having carefully reviewed the record,

---

[1] The Honorable United States District Judge Callie V.S. Granade presided over the guilty plea proceeding during which Petitioner pled guilty to counts one and two of the indictment. Judge Granade also presided over the sentencing, which was conducted on October 23, 2013. This matter has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation. The undersigned has reviewed Petitioner's motion and related documents and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade. Based upon that review, the undersigned makes the following report and recommendation.

it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **denied**, that this action be **dismissed**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Allah G. Bishop.

I.  BACKGROUND

In October 2012, Petitioner Allah G. Bishop was charged in a superseding indictment with possession of crack and powder cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(count one); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count two); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(count three). (Doc. 4). Bishop was appointed counsel and was arraigned on December 4, 2012. (Docs. 10, 13). He filed a Notice of Intent to Plead Guilty to counts one and two on April 8, 2013 (Doc. 38).

A fully executed plea agreement was filed on April 15, 2013. (Doc. 41).  The plea agreement provided, in relevant part, as follows:

**PENALTY**

11. Count One: The maximum penalty the Court could impose on Count One of the superseding indictment (possession with intent to distribute cocaine and cocaine base) is:

    a. Not more than 20 years imprisonment;

    b. A fine not to exceed $1 million;

    c. A term of supervised release of 3 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. A mandatory special assessment of $100.

    <u>Count Two</u>: The <u>maximum</u> penalty the Court could impose on Count Two of the superseding indictment (possession of a firearm during and in relation to a drug trafficking crime) is:

    a. A mandatory 5 years imprisonment consecutive to any other sentence, however, if the Court determines that the defendant brandished the firearm, the maximum penalty would be a mandatory 7 years imprisonment consecutive to any other sentence;

    b. A fine not to exceed $250,000;

    c. A term of supervised release of 3 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release.

    d. A mandatory special assessment of $100; and

    e. Such restitution as may be ordered by the Court.

(Doc. 41 at 11).
...

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

21. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waves the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

> Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence (including a sentence imposed on revocation of probation or supervised release) in any district court or appellate court proceedings.
>
> **EXCEPTIONS**. The defendant reserves the right to timely file a direct appeal challenging:
>
> > (1) any sentence imposed in excess of the statutory maximum;
> >
> > (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

(Id. at 10).

Appearing before Bishop's signature line on page 12 of the Agreement is this paragraph:

> I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the superseding indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved to same beyond a reasonable doubt.

(Id. at 12).

On April 15, 2013, Judge Granade conducted the guilty plea hearing. (Doc. 67, Ex. 1). During the guilty plea colloquy conducted pursuant to Fed. R. Crim. P. 11(b), Judge Granade asked Bishop about the appeal waiver contained in his plea agreement, and Bishop expressly acknowledged that he understood

the waiver. (Id. at 10-11). The following exchange took place between Judge Granade and Bishop:

> Q. Do you understand that under some circumstances you or the government may have the right to appeal any sentence that I impose? However, each of your plea agreements contains a limited waiver of your right to appeal and in each of your cases you have reserved the right to file an appeal only if sentence is imposed in excess of the statutory maximum, if sentence is imposed that constitutes an upward departure from the sentencing guideline range, or if you have a claim of ineffective assistance of counsel. Do you understand that you have waived your right to appeal in all but those three circumstances outlined in your plea agreement?
>
> A. Yes, ma'am.
>
> . . .
>
> Q. And do you understand that your plea agreement also contains a waiver of your right to file a collateral attack or a 2255 petition challenging your conviction once it becomes final unless you have a claim of ineffective assistance of counsel?
>
> A. Yes, ma'am.

(Id.)

In exchange for Bishop's guilty plea, the United States agreed to refrain from bringing any additional charges related to the facts underlying the Superseding Indictment and to recommend a sentence at the low end of the advisory sentencing guideline range, as determined by the Court. (Doc. 41 at 6). The agreement also provided:

> The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will

5

> be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the applicable guideline range is higher than expected, or if the Court departs or varies form the advisory guideline range.

(Id. at 4).

Prior to sentencing, the United States Probation Office prepared a pre-sentence investigation report ("PSI"). (Doc. 52). As to count one, the report placed Bishop's base offense level at eighteen (18), pursuant to the United States Sentencing Guideline, § 2D1.1(c)(11). (Id. at 6). A two-level obstruction of justice enhancement was applied under § 3C1.2, resulting in a total offense level of twenty (20). (Id. at 6-7). The PSI calculated Bishop's criminal history as a category "IV", and included three points for a December 5, 2008 conviction for a possession of a controlled substance conviction. (Id. at 8-9). The total offense level, coupled with a criminal history category of "IV", placed Bishop's guideline range at fifty-one (51) to sixty-three (63) months imprisonment with respect to count one. (Id. at 15). As to count two, the PSI placed Bishop's guideline sentence at five (5) years, or sixty (60) months, imprisonment under § 2K2.4(b), to be served consecutively with the sentence for count one. (Id.).

The United States did not file any objections to the PSI,

6

and advised the Court that it would not seek the seven (7) year statutory minimum term of imprisonment for brandishing the firearm in count two. (Doc. 53). The PSI was subsequently revised as described above. (Id.). Also, in light of Bishop's assistance in the investigation and prosecution of another person, the United States filed a motion for a twenty-four (24) month downward departure from the low end of the fifty-one (51) to sixty-three (63) month guideline range under § 5K1.1. (Doc. 56). Bishop filed objections to the PSI, challenging the two-level obstruction of justice enhancement, the lack of a three-level reduction for acceptance of responsibility, and the three criminal history points assigned to his December 5, 2008 drug conviction. (Doc. 57).

Bishop was sentenced on October 23, 2013 before District Court Judge Callie V.S. Granade. (Doc. 68). At the sentencing hearing, Bishop withdrew his objection to the obstruction of justice enhancement. (Id. at 2). Judge Granade, the Assistant United States Attorney, and Bishop's counsel then discussed at length whether three criminal history points should have been assigned for Bishop's December 5, 2008 drug conviction. (Id. at 3-10). Judge Granade also heard argument and took testimony regarding Bishop's acceptance of responsibility objection and the Government's § 5K1.1 motion for a downward departure of

7

twenty-four (24) months. (Id. at 10-21).

Judge Granade determined that Bishop was entitled to a two-level reduction for acceptance of responsibility. (Id. at 19). This resulted in a total offense level of eighteen (18), rather than the twenty (20) prescribed in the PSI. (Id. at 21). The Court also found that three criminal history points were properly assigned for Bishop's 2008 drug conviction, and that the criminal history category of "IV" was correct. (Id. at 10, 21). The resulting advisory guideline range for count one was forty-one (41) to fifty-one (51) months' imprisonment. (Id. at 20).

Judge Granade imposed a low-end sentence of forty-one (41) months for count one and granted the Government's motion for a downward departure of twenty-four (24) months. (Id. at 26). Accordingly, Bishop's received a prison sentence of seventeen (17) months as to count one.  He was also sentenced to sixty (60) months, to be served consecutively, as to count two.  This resulted in a total prison sentence of seventy-seven (77) months. (Id.) The Court advised Bishop of his limited appeal rights and of the fourteen (14) day deadline in which to exercise any appeal rights. (Id. at 28-29). Bishop did not appeal his sentence.[2]

---

[2] Bishop did however file a motion or reduction of his sentence

In Bishop's habeas petition, he argues that his sentence was erroneous because the court incorrectly assigned three criminal history points, as opposed to one, for his December 5, 2008 drug conviction. (Id. at 6-8). Bishop asserts that only one point was proper because there was no authorized sentence of confinement, only a suspended sentence was to be served if his probation was revoked. (Id. at 7). He argues that this two point difference caused his criminal history category to be incorrectly placed at "IV" instead of "III". (Id. at 8). The Government filed a response in opposition to Bishop's petition (doc. 67), and although Bishop was afforded an opportunity to file a reply, he did not do so.

## II.  DISCUSSION

Bishop's claim of sentencing errors lack merit. As a preliminary matter, his claim is foreclosed by the appellate waiver contained in his plea agreement, and the claim is procedurally barred. In addition to these procedural bars, the claim is not cognizable under § 2255. Each of these issues will be discussed in detail below.

---

pursuant to 18 USC §3582(c)(2). (Doc. 71). Pursuant to Amendment 782 to the U.S. Sentencing Guidelines, which reduced the guideline range for drug trafficking offenses, Bishop's original sentence of 17 months imprisonment as to count one was reduced to 14 months, effective November 1, 2015. His 60 month mandatory consecutive sentence on count two was not subject to reduction under Amendment 782. (Docs. 74, 77).

a. Bishop's claim is barred by the appellate waiver in his plea agreement.

A defendant who enters into a plea agreement may waive the right to bring a collateral attack under § 2255. Fed. R. Crim. P. 11(b)(1)(N). The Eleventh Circuit has repeatedly upheld this practice. See United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006)(enforcing an appeal waiver despite appellate contention that the sentence imposed was unconstitutional, noting that the defendant "was free to bargain away his right to raise constitutional issues as well as non-constitutional ones, and he did so."); United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005)("an appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error".)(citing United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)).

Bishop's plea agreement contains such a waiver. (Doc. 41 at 11). The provision states that "the defendant knowingly and voluntarily waives the right to file…any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255." (Id.). The only three exceptions to this waiver are included in the agreement: (1) a direct appeal challenging a "sentence imposed in excess of the statutory maximum"; (2) a direct appeal challenging a "sentence which constitutes an upward departure or variance from the advisory

guideline range"; or (3) a claim of "ineffective assistance of counsel in a direct appeal or 28 U.S.C. § 2255 motion". (Id. at 10-11). The instant petition does not qualify under any of these exceptions.

Appellate waivers are due to be enforced "if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)(emphasis in original). Both of these requirements are met in this case. The record reflects that Judge Granade questioned Bishop about the waiver during the plea colloquy, and he expressly acknowledged that he understood the waiver. (Doc. 67, Ex. 1 at 11). Indeed, the following exchange took place between Judge Granade and Bishop:

> Q. And do you understand that your plea agreement also contains a waiver of your right to file a collateral attack or a 2255 petition challenging your conviction once it becomes final unless you have a claim for ineffective assistance of counsel?
>
> A: Yes, ma'am.

(Id.). This exchange on the record confirms that the Court specifically questioned Bishop about the waiver during his plea colloquy. Therefore, it is the recommendation of the undersigned

that the waiver be enforced, and that the instant petition be dismissed as barred by the waiver.

> b. Bishop's claim is procedurally barred because he failed to raise the argument on appeal.

Bishop's claim also fails due to a procedural bar. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005)(citation omitted). "A ground of error is usually available on direct appeal when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)(internal quotation and citations omitted). As noted *supra*, Bishop chose not to pursue a direct appeal. Had he done so, he could have raised his sentencing error claim on direct appeal without further factual development. Because he did not do so, the claim is procedurally barred.

A Section 2255 petitioner can overcome procedural default in two ways. First, a petitioner can "demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280 (citation omitted). To demonstrate cause, a petitioner must show that some external impediment prevented counsel from raising the claim previously. See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1990)(citing McCleskey v. Zant, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113

L.Ed.2d 517 (1999)).

To demonstrate prejudice, a petitioner must "shoulder the burden of showing, not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982)(emphasis in original). This standard is "a significantly higher hurdle than would exist on direct appeal." Id. at 166. Second, a petitioner seeking relief under § 2255 could overcome procedural default if they could show "a fundamental miscarriage of justice" and that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Montano, 298 F.3d at 1280 (citation omitted).

There is no showing of cause and prejudice or a fundamental miscarriage of justice in the instant case. Bishop's explanation for not filing an appeal was that he "needed more time to decide on an appropriate approach". (Doc. 62 at 6). This explanation is not sufficient to overcome a procedural default. He knew the substance of this claim at sentencing as it was presented to and rejected by the Court. He further fails to explain how a purported miscalculation of his criminal history category could infect other aspects of his sentencing with errors of

constitutional dimensions. Therefore, there is no basis for concluding that the claimed miscalculation resulted in any prejudice or a fundamental miscarriage of justice toward him. The undersigned thus recommends the instant petition be dismissed as procedurally barred because the claim was not raised on direct appeal.

   c. Bishop's claim of sentencing error is not cognizable on appeal.

Even notwithstanding the issues of appellate waiver and procedural default, Bishop's claim is not cognizable under § 2255. Claims alleging non-jurisdictional, non-constitutional error, whether of law or fact, "do not provide a basis for collateral attack", Addonizio v. United States, 442 U.S. 178, 179 (1979), unless the asserted error involves either "an omission inconsistent with the rudimentary demands of fair procedure", or "a fundamental defect which inherently results in a complete miscarriage of justice". Timmreck v. United States, 441 U.S. 780, 783 (1979)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Bishop's sentencing error claim is not a jurisdictional or constitutional error, nor could it be considered a fundamental defect causing a complete miscarriage of justice.

Therefore, the undersigned concludes that there is not a cognizable claim under 28 U.S. § 2255, and recommends that the

14

instant petition be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows… that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Where a habeas

petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right; a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3384, 77 L.Ed. 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Bishop's petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly barred by both waiver and procedural default, and is not cognizable under § 2255. Under the facts of this case, a reasonable jurist could not conclude that either this Court is in error in dismissing the instant petition, or that Bishop should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is

16

correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Bishop's petition should be dismissed. As a result, Bishop is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Bishop's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (doc. 62) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Allah G. Bishop.  In addition, the undersigned Magistrate Judge is of the opinion that Bishop is not entitled to issuance of a Certificate of Appealability, and is further not entitled to proceed *in forma pauperis* on appeal.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72(c). The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **July 2017**.

                                            **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**